■ LEV ZETLIN, Appellant, v HANSON HOLDINGS, INC., et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County, entered on December 20, 1976, affirmed on the opinion of Mangan, J., at Special Term. Respondents shall recover of appellant one bill of $75 costs and disbursements of this appeal. Concur—Evans, Lynch and Sandler, JJ.; Kupferman, J. P., dissents in the following memorandum. I am perturbed, as was Judge Friendly in *Essex Universal Corp. v Yates* (305 F2d 572, 580) by the subversion of corporate democracy occasioned by the conclusion reached by the majority in this matter. The defendants sold their stock interest aggregating 44.4% in Gable Industries, Inc., to the Flintkote Company. This provided control. The plaintiff owned 2% and sues for himself alone and not derivatively or as a member of a class, challenging the arrangement on the sole basis that he should have had an opportunity also to sell his shares. Both companies are public, and their shares are traded on the New York Stock Exchange. The price received for the shares was approximately twice the market price at the time of the transaction, and so it is quite apparent that a premium was paid for the controlling interest. Although a point is made of the fact that certain principal officers of the company taken over were given lucrative long-term employment contracts and fringe benefits as part of the transaction, this merely points up the fact that with the transfer of control, special arrangements had to be made for key personnel. It does not enter into my conclusion other than to emphasize the concession candidly (and I might say, commendably) made by counsel for the defendants that a transfer of control was purchased. We have here the simple question of whether a minority stockholder, an outsider to the controlling group, is entitled to an equal opportunity to sell holdings at the same premium that the controlling group received for the sale of its interest. The majority here holds that, absent looting, conversion or fraud, etc., there is no interdiction and no need to consider the position of a minority stockholder. I had thought that controlling stockholders in their relationship to other shareholders had long since been required to recognize their duty above the "morals of the market place". (See *Meinhard v Salmon,* 249 NY 458, 464.) More recently, in a case involving the opportunity to communicate with stockholders, the Court of Appeals stated: "our consistent rejection of those seeking personal gain completely apart from any benefit to the corporation or its shareholders" *(Crane Co. v Anaconda Co.,* 39 NY2d 14, 23). (See, also, *Brecher v Gregg,* 56 AD2d 525, affg 89 Misc 2d 457.) I dissent and would modify by reinstating the first and third causes of action.