◼ BENJAMIN B. BLACKMON, on Behalf of Himself and All Other Shareholders of TOBIN PACKING CO., INC., Similarly Situated, Appellant, v EDWARD H. CARSON et al., Respondents.—Order and judgment, Supreme Court, New York County, entered respectively March 14, 1978 and March 21, 1978, dismissing the complaint for failure to state a cause of action, are unanimously affirmed, with $75 costs and disbursements of this appeal to respondents by appellant. The gravamen of this avowedly nonderivative, representative class suit by minority stockholders of Tobin Packing Co., Inc., is that the controlling stockholders sold their stock to defendant Halco with no provision for participation in the sale or benefit to the minority stockholders, when the controlling stockholders could have sold their stock to another prospective buyer at the same price, and Hytech had publicly announced its plan for a merger which would have resulted in a favorable disposition of the stock held by minority stockholders of Tobin. In our view, as the conduct complained of did not involve acts of corporate management, or the use of the property or franchises of Tobin, or a willful freeze-out or destruction of the market for the minority stock, there was no breach of any fiduciary duty owed by the controlling stockholders directly to the minority stockholders and thus there is no basis for a nonderivative suit, not in the right of Tobin. (Levy v American Beverage Corp., 265 App Div 208, 216; Zetlin v Hanson Holdings, 65 AD2d 544; McDaniel v Painter, 418 F2d 545, 547; Essex Universal Corp. v Yates, 305 F2d 572.) The allegations that defendants knew that the buyer Halco could not repay its debt without looting Tobin and selling its valuable assets, and that Tobin shares are in danger of delisting from the New York Stock Exchange, without any allegation that these feared events have occurred, are too speculative to form the basis of a complaint. As the complaint is insufficient against the selling stockholders, it is a fortiori insufficient against the buyer Halco. Concur—Silverman, J. P., Fein, Markewich and Sandler, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, by LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Respondent, v LAWRENCE PESKA ASSOCIATES, INC., et al., Appellants.—Judgment, Supreme court, New York County, dated April 7, 1977 is unanimously modified, on the law, on consent, without costs or disbursements, so as to strike from the third decretal paragraph thereof the phrase "respondents and their employees and successors" and substitute therefor the phrase "respondent Lawrence Peska Associates, Inc., and its employees and successors." Appeal by respondent Lawrence Peska Associates, Inc., from said judgment is dismissed, without costs and without disbursements, for failure to prosecute and as abandoned. Concur—Silverman, J. P., Fein, Markewich and Sandler, JJ.

◼ JULES SCHLOSSBERG, on Behalf of Himself and All Other Persons Similarly Situated, Respondent, v FIFTY EAST FORTY SECOND COMPANY et al., Appellants.—Order, Supreme Court, New York County, entered May 11, 1978, granting plaintiff's motion pursuant to CPLR 902 determining that the action may be maintained as a class action, unanimously affirmed, with $75 costs and disbursements of this appeal payable to respondent by appellants. We interpret the phrase "rent escalation clause" in the second decretal paragraph as limited to such clauses that are based on tax increases. Concur—Kupferman, J. P., Silverman, Fein, Yesawich and Sandler, JJ.